```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF OHIO
                       EASTERN DIVISION


JEFFERY A. JOHNSON,

         Plaintiff,

   vs.                                   Case No. 2:13-cv-0025
                                         Judge Watson
                                         Magistrate Judge King

MUSKINGUM COUNTY SHERIFF'S
DEPARTMENT, et al.,

         Defendants.
```

## ORDER AND
## REPORT AND RECOMMENDATION

Plaintiff Jeffrey A. Johnson, an inmate currently incarcerated at the Noble Correctional Institution, brings this action against the Muskingum County Sheriff's Department, Sheriff Matthew Lutz, several Sheriff's deputies, the "Sheriff's Department Food Personal" [sic], Nurse Shane Love ("Nurse Love"), Dr. Anthony Khoury ("Dr. Khoury"), and Aramark Correctional Services, LLC ("Aramark"), under 42 U.S.C. § 1983, alleging civil rights violations "under the Fifth, Eighth, and Fourteenth Amendment[s]" to the United States Constitution for "refusing [plaintiff] medical care."  *Amended Complaint*, Doc. No. 32, p. 5.  The *Amended Complaint* also asserts a supplemental state law claim against defendants Nurse Love and Dr. Khoury (collectively, "the Medical Defendants") for "negligently failing to give [plaintiff] proper medical treatment." *Id.*

This matter is before the Court for consideration of a number of motions.  The Medical Defendants move to dismiss the claims against

them for failure to state a claim upon which relief can be granted. *Defendants Shane Love, L.P.N. and Anthony Khoury, D.O.'s Motion to Dismiss the Amended Complaint* ("*Motion to Dismiss*"), Doc. No. 39. Plaintiff opposes the *Motion to Dismiss. Opposition to Defendants Shane Love & Anthony Khoury Civil Rule 12(b)(6) Motion to Dismiss Plaintiff's Complaint* ("*Plaintiff's Response to Motion to Dismiss*"), Doc. No. 43. The Medical Defendants have not filed a reply.

On May 2, 2013, Aramark filed a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c), *Aramark's Motion for Judgment on the Pleadings* ("*Aramark's Motion*"). Doc. No. 25. Plaintiff filed a response to *Aramark's Motion. Plaintiff, Jeffery A. Johnson Oppisition* [sic] *to Defendant "Aramark" Motion for Judgment on Pleadings* ("*Plaintiff's Response to Aramark's Motion*"), Doc. No. 28. Aramark filed a reply. *Aramark's Reply Brief in Support of its Motion for Judgment on the Pleadings*, Doc. No. 29. On June 4, 2013, the *Amended Complaint* was filed, thereby rendering moot *Aramarks' Motion. See Order*, Doc. No. 31; *Order*, Doc. No. 42.

On June 5, 2013, Aramark renewed its motion for judgment on the pleadings. *Motion by Aramark Correctional Services, LLC [] to Renew its Motion for Judgment on the Pleadings, Doc. No. 25* ("*Aramark's Renewed Motion*"), Doc. No. 34. On July 25, 2013, the Court noted that plaintiff had not responded to *Aramark's Renewed Motion* and directed plaintiff to file a response, if any, within twenty-one (21) days. *Order*, Doc. No. 42. Plaintiff has not filed a response to *Aramark's Renewed Motion*. Accordingly, consistent with the Court's July 25, 2013 *Order*, the Court will "assume that plaintiff intends to rely on

his response to the earlier motion for judgment on the pleadings." *Id*. *Aramark's Renewed Motion* is now ripe for consideration.

Also before the Court is *Aramark's Motion to Strike Exhibits attached to Plaintiff's Brief in Opposition to Aramark's Motion for Judgment on the Pleadings pursuant to Civil Rule 12(c)*, Doc. No. 30 ("*Motion to Strike*"). Aramark contends that exhibits attached to *Plaintiff's Response to Aramark's Motion*, which appear to be documents downloaded from the internet, are not properly before the Court in its consideration of *Aramark's Renewed Motion*. Plaintiff has not responded to the *Motion to Strike*. *See* S.D. Ohio Civ. R. 7.2(a)(2). In any event, the Court agrees that consideration of the exhibits is not necessary to the resolution of *Aramark's Renewed Motion*. The *Motion to Strike* is therefore **GRANTED**. The **CLERK** is **DIRECTED** to **STRIKE** pages two through 9 of *Plaintiff's Response to Aramark's Motion*, Doc. No. 28.

For the reasons that follow, it is **RECOMMENDED** that the Medical Defendants' *Motion to Dismiss*, Doc. No. 39, be **GRANTED in part**. It is **FURTHER RECOMMENDED** that *Aramark's Renewed Motion*, Doc. No. 34, be **GRANTED in its entirety**.

I. Background

The *Amended Complaint* alleges that, while he was detained in the Muskingum County Jail on March 9, 2012, plaintiff choked on an "Apple Crisp" while eating lunch and, as a consequence, plaintiff stumbled, "ran his head into the bar's [sic] that hold the inmates confined," and was knocked unconscious. *Amended Complaint*, pp. 5-6. After regaining consciousness, plaintiff vomited and found an "Apple Stem

3

from the 'Apple Crisp' inwhich [sic] caused the injury."  *Id.* at p. 6.  The stem was put "inside a bag for evidence."  *Id.*

The *Amended Complaint* alleges that plaintiff

> was in a great deal of pain and as such, requested medical treatment, however, no treatment was ever provided by the Muskingum County Sheriff's Department or Nurse Shane Love or the jails [sic] physician, Doctor Antony [sic] Khoury.

*Id.* at p. 6.  "From March 9th till [sic] June 15[], 2012, Plaintiff requested medical treatment and was denied such." *Id.*[1]

The *Amended Complaint* alleges that the Medical Defendants are "emplyed [sic] by Premier Health Care Services who are contracted to the Muskingum County Jail to take care of the medical needs of inmates."  *Amended Complaint*, p. 5.  Aramark is allegedly "under contract with the Muskingum County Jail to provide meals to the inmates at the county jail."  *Id.*

## II.  Standard of Review

A motion to dismiss under Rule 12(b)(6) attacks the legal sufficiency of the complaint.  *See Roth Steel Prods. v. Sharon Steel Co.*, 705 F.2d 134, 155 (6th Cir. 1983).  In determining whether dismissal on this basis is appropriate, an amended complaint must be construed in the light most favorable to the plaintiff, and all well-pleaded facts must be accepted as true.  *See Bower v. Fed. Express Corp.*, 96 F.3d 200, 203 (6th Cir. 1996); *Misch v. Cmty. Mut. Ins. Co.,* 896 F. Supp. 734, 738 (S.D. Ohio 1994).  The United States Supreme

---

[1] In his response to the *Motion to Dismiss*, plaintiff states that Nurse Love "examined Plaintiff right after the incident" and "stated he was going to refer Plaintiff to see [Dr. Khoury], however, Plaintiff never saw a physician."  *Plaintiff's Response to Motion to Dismiss*, p. 7.  Plaintiff contends that he "complained of sourness [sic] to the throat and bleeding for 3 months and did not see the jail physician."  *Id.*

Court has explained that, "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 546 (2007).  However, a plaintiff's claim for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Id*. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level[.]"  *Id*.  Accordingly, an amended complaint must be dismissed if it does not plead "enough facts to state a claim to relief that is plausible on its face."  *Id*. at 570.

A motion for judgment on the pleadings filed pursuant to Rule 12(c) is evaluated by reference to the same standard as is a motion to dismiss under Rule 12(b)(6).  *See Roth v. Guzman*, 650 F.3d 603, 605 (6th Cir. 2011).

**III. Discussion**

    **A.**    *Motion to Dismiss*

The Medical Defendants move to dismiss plaintiff's federal and state law claims against them for failure to state a claim upon which relief can be granted.  Plaintiff's federal claims are asserted under § 1983, which provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

5

42 U.S.C. § 1983.  A *prima facie* case under § 1983 requires evidence of (1) conduct by an individual acting under color of state law that causes (2) the deprivation of a right secured by the Constitution or laws of the United States.  *Day v. Wayne Cnty. Bd. of Auditors*, 749 F.2d 1199, 1202 (6th Cir. 1984) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)).  Section 1983 merely provides a vehicle for enforcing individual rights found elsewhere and does not itself establish any substantive rights.  *See Gonzaga Univ. v. Doe*, 536 U.S. 273, 285 (2002).  Moreover, liability based on a theory of *respondeat superior* is not cognizable under § 1983.  *See Turner v. City of Taylor*, 412 F.3d 629, 643 (6th Cir. 2005); *Hays v. Jefferson Cnty., Ky.*, 668 F.2d 869, 874 (6th Cir. 1982).  In order to be held liable under § 1983, a defendant with supervisory authority must have either "encouraged the specific incident of misconduct or in some other way directly participated in it."  *Turner*, 412 F.3d at 643.

In the case presently before the Court, plaintiff alleges that the Medical Defendants and Aramark denied plaintiff medical treatment in violation of the Eighth Amendment to the United States Constitution.  *See Amended Complaint*, pp. 5-6.[2]  The Eighth Amendment

---

[2] Plaintiff may have been a pretrial detainee during some or all of the relevant time.  A claim of deliberate indifference to the serious medical needs of a pretrial detainee arises under the Due Process Clause of the Fourteenth Amendment.  *City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 244 (1983).  However, the standard governing such claims is the same as that arising under the Eighth Amendment.  *Border v. Trumbull County Bd. of Com'rs*, 414 Fed.Appx. 831, 835 (6th Cir. 2011)("It is well-established that the Eighth Amendment's prohibition of cruel and unusual punishment provides the basis to assert a claim, under 42 U.S.C. § 1983, of deliberate indifference to a prisoner's serious medical needs; a similar claim brought on behalf of a pretrial detainee is equally viable under the Due Process Clause of the Fourteenth Amendment.)(citing *Phillips v. Roane county, Tenn.*, 534 F.3d 531, 539 (6th Cir. 2008)).

prohibits cruel and unusual punishment. To prevail on his claims against each defendant, plaintiff must prove that the defendant acted with "deliberate indifference to [his] serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 103-04 (1976). This standard includes both an objective and a subjective component. The objective component requires that a plaintiff establish a "sufficiently serious" medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The subjective component requires that a plaintiff "allege facts which, if true, would show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk." *Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001) (citing *Farmer*, 511 U.S. at 837). Although officials may not deliberately disregard a medical need, "[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle*, 429 U.S. at 106. Deliberate indifference "describes a state of mind more blameworthy than negligence." *Farmer*, 511 U.S. at 835. Nevertheless, "a plaintiff need not show that the official acted 'for the very purpose of causing harm or with knowledge that harm will result.'" *Comstock*, 273 F.3d at 703 (quoting *Farmer*, 511 U.S. at 835). "Instead, 'deliberate indifference to a substantial risk of serious harm to a prisoner is the equivalent of recklessly disregarding that risk.'" *Id*. (quoting *Farmer*, 511 U.S. at 836). Liability can result if a prison official "knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer*, 511 U.S. at 847.

In the case presently before the Court, the *Amended Complaint* alleges that plaintiff choked on his food, vomited, hit his head and was knocked unconscious. *Complaint*, pp. 5-6.  The *Amended Complaint* further alleges that plaintiff experience great pain and requested medical treatment but that no treatment was ever provided to him by "the Muskingum County Sheriff's Department," Nurse Love, or Dr. Khoury.  *Id*.  These allegations are, in the view of this Court, sufficient to state a colorable § 1983 claim against defendants Nurse Love and Dr. Khoury.

The Medical Defendants argue that plaintiff's claims should be dismissed because plaintiff failed to file an affidavit of merit. *Motion to Dismiss*, pp. 4-8.  Ohio Civ. R. 10(D)(2) requires that an affidavit of merit be included with any "complaint that contains a medical claim . . . as defined in section 2305.113 of the Revised Code."  A "medical claim," for purposes of O.R.C. § 2305.113, is defined as a claim "that arise[s] out of the medical diagnosis, care, or treatment of any person."  The Ohio Supreme Court has held that a plaintiff's failure to provide an affidavit of merit is fatal to a claim under state law.  *Fletcher v. Univ. Hosps. of Cleveland*, 120 Ohio St. 3d 167, 172 (Ohio 2008).

As discussed *supra*, the *Amended Complaint* asserts federal claims under § 1983 against the Medical Defendants as well as supplemental state law claims for "negligently failing to give [plaintiff] proper medical treatment."  *Amended Complaint*, p. 5.  Plaintiff's state law claims alleging improper medical treatment are "medical claims" arising under Ohio law.  *See* O.R.C. § 2305.113.  Plaintiff's failure

8

to attach an affidavit of merit to the *Amended Complaint* therefore requires dismissal of those state law claims. *See Fletcher*, 120 Ohio St. 3d at 172; *Matson v. Montgomery Cnty. Jail Medical Staff Personnel*, No. 3:10cv104, 2011 WL 2442706, at *6 (S.D. Ohio Apr. 18, 2011) ("To the extent Plaintiff's Amended Complaint alleges medical claims arising under Ohio law, Defendants' argument that Plaintiff's failure to attach the affidavit of merit requires dismissal is correct.") (citing *Weatherford v. Hamilton Cnty. Sheriff*, 1:09-cv-432, 2010 U.S. Dist. LEXIS 85799, at *7 (S.D. Ohio 2010)).  However, Ohio Civ. R. 10(D)(2) "has no application to Plaintiff's claim arising under 42 U.S.C. § 1983: Plaintiff's claim is based on alleged violations of the Eighth Amendment of the United States Constitution, 42 U.S.C. § 1983 has no requirement for an affidavit of merit, and the *Erie* doctrine is not implicated."  *Matson*, 2011 WL 2442706 at *6 (citing *Weatherford*, 2010 U.S. Dist. LEXIS 85799 at *5-6).  *See also Muncy v. Siefker*, No. 3:12cv2301, 2013 WL 1284233, at *3 (N.D. Ohio Mar. 26, 2013) ("Ohio Civ. R. 10(D)(2) does not apply to the Plaintiffs' § 1983 claims because those claims allege violations of [Plaintiff's] rights as guaranteed by the United States Constitution, and do not raise medical claims under Ohio law.  Neither Ohio nor any other State may alter or negate the rights protected by the United States Constitution or modify the means which Congress provided for the enforcement of those rights.").  The Medical Defendants' argument that plaintiff's § 1983 claim should also be dismissed because plaintiff failed to attach an affidavit of merit to the *Amended Complaint* is therefore without merit.

9

The Medical Defendants also argue that plaintiff's § 1983 claims should be dismissed because plaintiff failed to exhaust available administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). *Motion to Dismiss*, p. 10. The Medical Defendants refer to *Wiggins v. Corrections Corp. of Am.*, 27 F. App'x 315 (6th Cir. 2001); *Wyatt v. Leonard*, 193 F.3d 876 (6th Cir. 1999); and *Brown v. Toombs*, 139 F.3d 1102 (6th Cir. 1998), for the proposition that plaintiff's failure to allege exhaustion and to attach "any decision demonstrating the administrative disposition of his claims" requires dismissal. *Motion to Dismiss*, p. 11. These arguments are not well taken.

The PLRA requires that a prisoner filing a claim under federal law relating to prison conditions must first exhaust available administrative remedies.[3] *Porter v. Nussle*, 534 U.S. 516 (2002); *Booth v. Churner*, 532 U.S. 731 (2001). In order to satisfy this exhaustion requirement, an inmate plaintiff must "complete the administrative review process in accordance with the applicable procedural rules[.]" *Woodford v. Ngo*, 548 U.S. 81, 88 (2006). However, an inmate's "[f]ailure to exhaust is an affirmative defense under the PLRA, and [] inmates are not required to specifically plead or demonstrate exhaustion in their complaints." *Jones v. Bock*, 549 U.S. 199, 216 (2007) (abrogating, among other cases, *Toombs*, 139 F.3d 1102). A motion to dismiss under Rule 12(b)(6) based on a claimed failure to

---

[3] The statute provides, in pertinent part: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

10

exhaust is meritorious only if it is clear from the face of the complaint itself that the defense must succeed. *See id*. at 920-21. Those are not the circumstances in the case presently before the Court. The Medical Defendants' argument that the *Amended Complaint* should be dismissed for failure to exhaust administrative remedies under the PLRA is therefore without merit.

    B.   *Aramark's Motion*

Aramark moves for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). The *Amended Complaint* alleges that Aramark violated plaintiff's Eighth Amendment rights by "refusing [plaintiff] medical care." *Amended Complaint*, p. 5. Aramark argues, *inter alia*, that the *Amended Complaint* does not allege facts sufficient to satisfy the subjective component of an Eighth Amendment deliberate indifference claim. *Aramark's Motion*, p. 14. The Court agrees.

As discussed *supra*, an Eighth Amendment deliberate indifference claim includes both an objective and subjective component. *Farmer*, 511 U.S. at 834. The subjective component requires that a plaintiff "allege facts which, if true, would show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk." *Comstock*, 273 F.3d at 703 (citing *Farmer*, 511 U.S. at 837).

The *Amended Complaint* alleges that Aramark "is under contract with the Muskingum County Jail to provide meals to the inmates at the county jail." *Amended Complaint*, p. 5. However, the *Amended Complaint* contains no other factual allegations against Aramark and

11

none whatsoever relating to any involvement on Aramark's part in plaintiff's medical treatment.  Indeed, plaintiff recognizes that "Aramark had no obligation to provide medical treatment at the [M]uskingum County Jail." *See Plaintiff's Response to Aramark's Motion*, *PAGEID* 137.  Accordingly, the *Amended Complaint* fails to state a colorable § 1983 claim for denial of medical care against defendant Aramark.

**WHEREFORE**, Aramark's *Motion to Strike*, Doc. No. 30, is **GRANTED**. The **CLERK** is **DIRECTED** to **STRIKE** pages two (2) through nine (9) of *Plaintiff's Response to Aramark's Motion*, Doc. No. 28.    It is **RECOMMENDED** that the Medical Defendants' *Motion to Dismiss*, Doc. No. 39, be **GRANTED in part** and **DENIED in part**.  It is **SPECIFICALLY RECOMMENDED** that plaintiff's state law negligence claims against defendants Nurse Shane Love and Dr. Anthony Khoury be **DISMISSED** but that plaintiff's claim under 42 U.S.C. § 1983 against these defendants for denial of medical care be permitted to proceed.

It is **FURTHER RECOMMENDED** that *Aramark's Renewed Motion*, Doc. No. 34, be **GRANTED**.

If any party seeks review by the District Judge of this *Report and Recommendation,* that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation,* specifically designating this *Report and Recommendation,* and the part thereof in question, as well as the basis for objection thereto.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Response to objections must be filed within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation*. *See Thomas v. Arn,* 474 U.S. 140 (1985); *Smith v. Detroit Federation of Teachers, Local 231 etc.,* 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

November 4, 2013                                                                   *s/Norah McCann King*
                                                                                                  Norah M<sup>c</sup>Cann King
                                                                                           United States Magistrate Judge