IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


**JEFFERY A. JOHNSON,**

    **Plaintiff,**

  **v.**                                   **Civil Action 2:13-cv-0025**
                                             **Judge Watson**
                                             **Magistrate Judge King**

**MUSKINGUM CO. SHERIFF'S DEPT.,**
*et al.,*

    **Defendants.**

ORDER AND
REPORT AND RECOMMENDATION

      Plaintiff Jeffery A. Johnson, an inmate currently incarcerated at the Noble Correctional Institution ("NCI"), brings this action under 42 U.S.C. § 1983 against the Muskingum County Sheriff's Department, Sheriff Matthew Lutz, several Sheriff's deputies, the "Sheriff's Department Food Personal" [sic] (collectively, "Muskingum County Defendants"), Nurse Shane Love and Dr. Anthony Khoury (collectively, "the Medical Defendants"), and Aramark Correctional Services, LLC ("Aramark"), alleging civil rights violations "under the Fifth, Eighth, and Fourteenth Amendment[s]" to the United States Constitution for "refusing [plaintiff] medical care." *Amended Complaint*, Doc. No. 32, p. 5. The *Amended Complaint* also asserts a supplemental state law claim against the Medical Defendants for "negligently failing to give [plaintiff]proper medical treatment." *Id.* This matter is now before the Court on defendants' joint motions to dismiss for failure to

1

prosecute, Doc. Nos. 46 and 47, and on plaintiff's motions not to dismiss and to stay this action, Doc. Nos. 48 and 53.

**I.   BACKGROUND**

On March 1, 2013, the Court established a case schedule pursuant to Fed. R. Civ. P. 16(b). *Order*, Doc. No. 16.  The Court ordered, *inter alia*, that all discovery be completed no later than September 1, 2013 and that dispositive motions, if any, be filed no later than October 1, 2013.  *Id*. at 2-3.  Upon plaintiff's motion, the Court later extended the deadline for completing discovery to December 1, 2013.  *Order*, Doc. No. 42, p. 1.

Defendant Aramark moved for judgment on the pleadings, Doc. No. 34, and the Medical Defendants moved to dismiss plaintiff's claims, Doc. No. 39.  The undersigned previously recommended that plaintiff's state law negligence claims against the Medical Defendants be dismissed, but that plaintiff's claim under 42 U.S.C. § 1983 against these defendants for denial of medical care be permitted to proceed. *Order and Report and Recommendation*, Doc. No. 49.  The undersigned further recommended that plaintiff's claims against defendant Aramark be dismissed in their entirety.  *Id*.

On September 20, 2013, the Muskingum County Defendants noticed the deposition of plaintiff to be taken on October 17, 2013 at NCI. *Notice of Deposition*, Doc. No. 45.[1]  Thereafter, defendants moved to dismiss this action for failure to prosecute, representing that plaintiff had failed to appear for his deposition at the noticed time.

---

[1] The notice of deposition was filed on September 19, 2013, but the accompanying certificate of service states that these defendants sent the notice to plaintiff at NCI by regular mail on September 20, 2013.  *Id*. at 2.

Doc. No. 46, p. 1; Doc. No. 47, p. 1. Defendants specifically represent that, when their counsel arrived at NCI on October 17, 2013, they learned for the first time that plaintiff had been transferred to a different facility on August 30, 2013. *Id*. According to defendants, "we were advised that the Notice of Deposition (doc. 45) which was served on the previous address would have been forwarded to the new facility where he is currently incarcerated." Doc. No. 46, p. 1. Defendants further represent that counsel for the Muskingum County Defendants received a letter from plaintiff on October 18, 2013. Doc. No. 47, p. 1 (citing *Exhibit A* (plaintiff's letter), attached thereto). That letter, which was dated October 10, 2013 and which was postmarked October 15, 2013, advised that plaintiff has "been transferred to F.M.C. – Franklin Medical Center so the deposition will be held here at your convenience." *Exhibit A*, attached to Doc. No. 47. Defendants move to dismiss this action on the ground that plaintiff failed to apprise defendants and the Court of his new address. Doc. Nos. 46 and 47.

In response, plaintiff asks that the Court not dismiss this action. Doc. Nos. 48 and 53. Plaintiff explains that he is in the process of seeking legal counsel and that he believed that his letter dated October 10, 2013, would have timely notified defense counsel of his new address. Doc. No. 48. Plaintiff further explains that, although he learned of his transfer on August 29, 2013, he was not scheduled to receive his "inmate account funds" for two to four weeks later[.]" Doc. No. 53, p. 2. On October 14, 2013, plaintiff used an "INMATE FREE LETTER" "to give Notification of his whereabout [sic] to

3

the Defendant listed herein[.]" *Id*. He represents that he remains available for deposition. *Id*.

In addition to opposing the joint motions to dismiss, plaintiff asks the Court to stay this action for 90 days "until Plaintiff is able to retain counsel." *Id*. Although defendants originally opposed plaintiff's request to stay this action, *see* Doc. No. 50, p. 1, defendants now represent that they do not oppose the requested stay or a brief extension of the pretrial schedule. Doc. No. 57, p. 1.

## II.  MOTIONS TO DISMISS FOR FAILURE TO PROSECUTE

Although defendants do not cite to a specific rule in their motions to dismiss for failure to prosecute, the Court notes that Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action "[i]f the plaintiff fails to prosecute or to comply with these [Federal Rules of Civil Procedure] or a court order[.]" Fed. R. Civ. P. 41(b). *See also Knoll v. AT&T*, 176 F.3d 359, 363 (6th Cir. 1999) ("[Rule 41(b) dismissal] is available to the district court as a tool to effect 'management of its docket and avoidance of unnecessary burdens on the tax-supported courts [and] opposing parties.'") (quoting *Matter of Sanction of Baker*, 744 F.2d 1438, 1441 (10th Cir. 1984)). Similarly, Rule 37 authorizes the Court to impose sanctions, including the dismissal of an action, if a party fails to attend his own deposition. Fed. R. Civ. P. 37(d)(3); (b)(2)(A)(v). *See also Universal Health Group v. Allstate Ins. Co.*, 703 F.3d 953, 956 (6th Cir. 2013) (citing *Bass v. Jostens, Inc.*, 71 F.3d 237, 241 (6th Cir. 1995)).

In determining whether dismissal under Rule 41(b) or Rule 37(b) is appropriate, this Court must consider the following factors:

> (1) whether the party's failure to cooperate is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dilatory conduct of the party; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Stough v. Mayville Community Sch.*, 138 F.3d 612, 615 (6th Cir. 1998) (listing factors when considering dismissal under Rule 41(b)) (citing *Reg'l Refuse Sys., Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 153–55 (6th Cir. 1988)); *Universal Health Group*, 703 F.3d at 956 (considering same factors under Rule 37(b) dismissal). "Prior notice, or the lack thereof, is [] a key consideration[.]" *Stough*, 138 F.3d at 615.

Upon consideration of the record in this case and the above factors, the Court concludes that dismissal of this action for lack of prosecution is unwarranted. First, the record does not reflect that plaintiff's failure to appear for his deposition on October 17, 2013 at NCI resulted from plaintiff's failure to cooperate, willfulness, bad faith or fault. Instead, plaintiff attempted, with the resources available to him, to notify counsel of his new address prior to the deposition. Although the Court agrees with defendants that plaintiff should have notified the Court and all counsel of this new address, the Court cannot infer bad faith from this *pro se* litigant's failure to do so.

Second, plaintiff's failure to appear for the deposition indisputably resulted in inconvenience and some expense to defendants.

5

However, the Court is not persuaded that this isolated incident, standing alone, creates such prejudice as to warrant dismissal of this action. Indeed, defendants have not represented that they were otherwise precluded from conducting plaintiff's deposition at the Franklin Medical Center in the approximately six (6) weeks available to the parties before the close of discovery.

Third, defendants have not shown, and the record does not reflect, that plaintiff has previously been warned that his failure to appear for the deposition would result in the dismissal of this action. As noted *supra*, a lack of such prior notice is a key consideration, *see Stough*, 138 F.3d at 615, and weighs against dismissal of this action.

Finally, defendants do not ask the Court to consider sanctions less severe than dismissal. Against the backdrop of the relevant case law discussed *supra*, the Court cannot conclude that an isolated failure to appear for his deposition warrants the dismissal of plaintiff's claims. For all these reasons, defendants' requests to dismiss this action for failure to prosecute are not well-taken.

**III. REQUESTS TO STAY THIS ACTION AND/OR MODIFY CASE SCHEDULE**

Plaintiff seeks to stay this action for 90 days "until Plaintiff is able to retain counsel." Doc. No. 53, p. 2. *See also* Doc. No. 48. Plaintiff represents that he has contacted three law firms and is waiting for a response. Doc. No. 48. Plaintiff also asks the Court

6

to "refer me to legal counseling[.]"  *Id.*[2]  Defendants do not oppose a temporary stay of proceedings.  Doc. No. 57, p. 1.

Plaintiff, however, has not shown good cause for a stay of these proceedings.  This action was filed on January 11, 2013.  *See Complaint*, Doc. No. 4.  Although the record indicates that plaintiff has actively searched for counsel to represent him, *see*, *e.g.*, Doc. Nos. 41, 42, 48, 53, nearly a year has passed since the inception of this litigation and key deadlines have already passed.  *See Order*, Doc. No. 42; *Order*, Doc. No. 42.  Moreover, the undersigned has already issued a recommended decision on defendants' motions to dismiss.  *See Order and Report and Recommendation*, Doc. No. 49.[3]  To stay the case under these circumstances would unnecessarily delay resolution of at least some of the claims in this case.

Defendants also ask the Court to set a "new (albeit brief) discovery period and dispositive motion deadline[.]"  Doc. No. 57, p. 1.  As previously noted, the Court ordered, *inter alia*, that all discovery be completed no later than September 1, 2013 (later extended, upon plaintiff's motion, to December 1, 2013) and that dispositive motions be filed no later than October 1, 2013.  *Order*, Doc. No. 16, pp. 2-3; *Order*, Doc. No. 42, p. 1.  Rule 16(b) of the Federal Rules of Civil Procedure provides that a "schedule may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  "'The primary measure of Rule 16's 'good cause'

---

[2] Plaintiff's request that the Court refer him to "legal counsel" is tantamount to a motion to appoint counsel.  For the reasons previously stated, *see Order*, Doc. No. 42, p. 1, this request is denied without prejudice to renewal at a later stage of the proceedings.

[3] Objections to that *Report and Recommendation* are due no later than January 2, 2014.  *Order*, Doc. No. 56.

7

standard is the moving party's diligence in attempting to meet the case management order's requirements.'" *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002) (quoting *Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001)). "A district court should also consider possible prejudice to the party opposing the modification." *Andretti v. Borla Performance Indus., Inc.*, 426 F.3d 824, 830 (6th Cir. 2005) (citing *Inge*, 281 F.3d at 625). The focus is, however, "primarily upon the diligence of the movant; the absence of prejudice to the opposing party is not equivalent to a showing of good cause." *Ortiz v. Karnes*, 2:06-cv-562, 2010 U.S. Dist. LEXIS 75287, 2010 WL 2991501, at *1 (S.D. Ohio July 26, 2010) (citing *Tschantz v. McCann*, 160 F.R.D. 568, 571 (N.D. Ind. 1995)). Whether to grant leave under Rule 16(b) falls within the district court's discretion. *Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir. 2003).

Apart from addressing the circumstances surrounding plaintiff's deposition, defendants have not explained why they have been unable to meet the deadlines previously established by this Court. Moreover, it is not apparent why the nine-month discovery period was insufficient for the parties to complete all appropriate discovery.

Despite this lack of good cause, the Court is nevertheless aware of plaintiff's efforts to locate counsel and the lack of prejudice to any party should the case schedule be extended. Accordingly, the Court will exercise its discretion to grant a brief extension of time for the parties to conduct discovery and file motions for summary judgment.

**WHEREUPON**, it is **RECOMMENDED** that defendants' motions to dismiss for lack of prosecution, Doc. Nos. 46 and 47, be **DENIED**.  It is further **RECOMMENDED** that plaintiff's motion not to dismiss, Doc. No. 48, be **GRANTED** to the extent that it asks this Court not to dismiss his claims for failure to prosecute.

To the extent that plaintiff's motion, Doc. No. 48, seeks the appointment of counsel, the motion is **DENIED** without prejudice to renewal at a later stage of the proceedings.  Plaintiff's motion to stay, Doc. No. 53, is **DENIED**.  However, the case schedule previously established in *Order*, Doc. No. 16, and *Order*, Doc. No. 42, p. 1, is **MODIFIED** as follows:

**Discovery must be completed no later than January 31, 2014.**  The parties are **REMINDED** that the discovery completion date requires that discovery requests be made sufficiently in advance to permit timely response by that date.

D**ispositive motions may be filed no later than February 28, 2014.**

The parties are **ADVISED** that the Court will not look with favor upon any future request to further extend these deadlines.

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Response to objections must be filed within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation*. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Smith v. Detroit Fed'n of Teachers, Local 231 etc.*, 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).


December 11, 2013                           *s/Norah McCann King*
                                         Norah M$^c$Cann King
                                   United States Magistrate Judge