```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF OHIO
                      EASTERN DIVISION
```

**JEFFERY A. JOHNSON,**

    **Plaintiff,**

   **v.**                           **Civil Action 2:13-cv-0025**
                                         **Judge Watson**
                                         **Magistrate Judge King**

**MUSKINGUM CO. SHERIFF'S
DEPARTMENT,** *et al.***,**

    **Defendants.**

## OPINION AND ORDER

    This matter is before the Court on plaintiff's request for leave to amend the complaint, ECF 82, and the motion to strike plaintiff's objection to the *Report and Recommendation*, ECF 76, and memorandum in opposition to plaintiff's request for leave to amend the complaint filed on behalf of defendants Anthony Koury, D.O., and Shane Love, L.P.N. ECF 83.  Plaintiff has not responded to the motion to strike nor has he filed a reply in support of his request for leave to amend the complaint.

    On May 5, 2014, the undersigned issued a *Report and Recommendation* recommending that the motion for summary judgment filed by defendants Khoury and Love (collectively, "the Medical Defendants") be granted.  ECF 76.  The *Report and Recommendation* specifically advised the parties of their right to file an objection within fourteen (14) days of the recommended decision.  *Id*. at 14.  In light of Rule 6(d) of the Federal Rules of Civil Procedure, objections to

that *Report and Recommendation* were therefore due no later than May 22, 2014.

On May 13, 2014, the undersigned issued a second *Report and Recommendation*, recommending that the Muskingum County Defendants' motion for summary judgment be granted.  ECF 78.  Again, the parties were specifically advised of their right to object to the recommended decision within fourteen (14) days.  *Id*. at 14-15.

On May 28, 2014, plaintiff moved for an extension of time - until June 15, 2014 - to respond to "the Report and Recommendation of 5/13/14."  ECF 80.  The Court granted that motion and gave plaintiff until June 15, 2014, "in which to file objections to the *Report and Recommendation* (Doc. No. 78)[.]"  *Order*, ECF 81.

On June 3, 2014, plaintiff filed a document entitled "Objection to the Report and Recommendation of 5/13/14."  ECF 82.[1]  However, that document addressed not only the May 13, 2014 *Report and Recommendation*, ECF 78, and the Muskingum County Defendants' motion for summary judgment, but also the May 5, 2014 *Report and Recommendation*, ECF 76, and the Medical Defendants' motion for summary judgment.  ECF 82, p. 2.  Plaintiff also argues that the Court should permit him to amend his complaint in order to transform this action into one brought  under "[Section] 1985" because the Court is "without lawful jurisdiction of this 1983 action" and because Fed. R. Civ. P. 56 "is of no meaning without state or federal substantive law <u>first</u> being invoked by a citizen, [*United States v.*] *Patterson*, [150 U.S. 65, 68 (1893).]"  *Id*. at 1-2 (citing Fed. R. Civ. P. 17).

---

[1] Plaintiff signed that document on "May 29, 2014."  ECF 82, p. 2.

2

The Medical Defendants have moved to strike plaintiff's objection, ECF 82, to the extent that it includes objections to the May 5, 2014 *Report and Recommendation*, ECF 76. ECF 83. The Medical Defendants contend that plaintiff's objections in this regard are untimely. *Id*. at 2-3. Plaintiff has not responded to the motion to strike.

The Medical Defendants' arguments are well-taken. As noted, objections to the May 5, 2014 *Report and Recommendation*, ECF 76, were due by May 22, 2014. Plaintiff was "specifically advised that the failure to object to the *Report and Recommendation* will result in waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation*." ECF 76, p. 14 (citing *Thomas v. Arn*, 474 U.S. 140 (1985); *Smith v. Detroit Fed'n of Teachers, Local 231 etc.*, 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981)). Accordingly, to the extent that the Medical Defendants ask that the Court disregard plaintiff's objection, ECF 82, as to the May 5, 2014 *Report and Recommendation*, ECF 76, that request is well-taken.

The Medical Defendants also ask that the Court deny plaintiff's request for leave to amend his complaint to assert claims under 42 U.S.C. § 1985, arguing that plaintiff's request was not filed as a separate motion stating with particularity the grounds for amending pursuant to Fed. R. Civ. P. 15(a); in any event, these defendants argue, plaintiff's request for leave to amend is futile. ECF 83, pp. 3-4.

3

This Court agrees that plaintiff's request for leave to amend the complaint is without merit. First, plaintiff's request for leave to amend is untimely. On March 1, 2013, the Court established a deadline of June 1, 2013, in which to amend the pleadings. *Order*, ECF 16, p. 1. "A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "'The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements.'" *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002) (quoting *Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001)). "A district court should also consider possible prejudice to the party opposing the modification." *Andretti v. Borla Performance Indus., Inc.*, 426 F.3d 824, 830 (6th Cir. 2005) (citing *Inge*, 281 F.3d at 625). The focus is, however, "primarily upon the diligence of the movant; the absence of prejudice to the opposing party is not equivalent to a showing of good cause." *Ortiz v. Karnes*, 2:06-cv-562, 2010 U.S. Dist. LEXIS 75287, 2010 WL 2991501, at *1 (S.D. Ohio July 26, 2010) (citing *Tschantz v. McCann*, 160 F.R.D. 568, 571 (N.D. Ind. 1995)). Whether to grant leave under Rule 16(b) falls within the district court's discretion. *Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir. 2003). In the case presently before the Court, plaintiff was previously granted leave to amend the complaint. *Order*, ECF 31. Plaintiff has not explained why he was unable to include claims under 42 U.S.C. § 1985 in the *Amended Complaint*, ECF 32. In waiting more than a year after the deadline to seek leave to further amend in order to add claims under Section 1985, and after the undersigned

4

recommended that summary judgment in favor of defendants be granted, plaintiff has not demonstrated the necessary diligence for modifying the case schedule.  *See*, *e.g.*, *Inge*, 281 F.3d at 625.

Moreover, although Rule 15(a) of the Federal Rules of Civil Procedure provides that a "court should freely grant leave [to amend] when justice so requires[,]" *see* Fed. R. Civ. P. 15(a)(2), the grant or denial of a request to amend a complaint is left to the broad discretion of the trial court. *Gen. Elec. Co. v. Sargent & Lundy*, 916 F.2d 1119, 1130 (6th Cir. 1990).  A plaintiff's proposed claim "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  "Factual allegations must be enough to raise a right to relief above the speculative level . . . ." *Id*.  A court must therefore dismiss a complaint – and deny leave to amend a complaint as futile – if the complaint does not plead "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570.

Here, plaintiff has not filed a proposed amended complaint, and the Court has no basis upon which to even guess as to the facts and authority supporting plaintiff's proposed amendment. *See* ECF 82. Plaintiff's request for leave to further amend the complaint, unsupported by any facts, is without merit. *See Twombly*, 550 U.S. at 555, 570.

**WHEREUPON**, plaintiff's request for leave to amend his complaint, ECF 82, is **DENIED**.  *Defendants Shane Love, L.P.N. and Anthony Khoury, D.O.'s Combined Motion to Strike Plaintiff's Objection to Report and*

5

*Recommendation and Memorandum in Opposition to Plaintiff's Request for Leave to Amend Complaint*, ECF 83, is **GRANTED** to the extent that plaintiff's objection, ECF 82, relates to the May 5, 2014 *Report and Recommendation*, ECF 76.  Stated differently, the record reflects no objection to the May 5, 2014 *Report and Recommendation*, ECF 76. **However, as it relates to the May 13, 2014 *Report and Recommendation*, ECF 78, plaintiff's objection, ECF 82, remains for the District Judge's consideration.**


July 30, 2014                              *s/Norah McCann King*
                                     Norah M<sup>c</sup>Cann King
                                  United States Magistrate Judge